## CONNELLY *et al. v.* CONNELLY.

Some evidence having been submitted by the plaintiffs which would have authorized the jury to find a verdict in their favor, the court erred in granting a nonsuit.

Submitted June 5,—Decided November 10, 1906

Equitable petition. Before Judge Roan. Newton superior court. September 18, 1905.

*Greene F. Johnson,* for plaintiffs, cited: *Ga. R.* 7/484-92; 27/444; 123/441; 44 N. H. 531; 9 A. & E. Enc. L. (2d ed.) 122; 2 Enc. Ev. 831.

*James F. Rogers,* for defendant, cited: *Ga. R.* 123/104; 111/821; 110/426; 22 Ark. 92; 18 Enc. Pl. & Pr. 767.

BECK, J. The plaintiffs in error, as heirs at law of James Connelly, deceased, filed an equitable petition against the defendant in the superior court of Newton county, seeking to recover certain land and to have a deed, made by the deceased to the defendant, delivered up and cancelled, on the ground that the deceased did not have the capacity to make it. At the conclusion of the evidence introduced by the plaintiff, the court, upon motion, awarded a judgment of nonsuit; to which decision the plaintiffs excepted.

An examination of the evidence in the case (which we do not attempt to set out) convinces us that the court erred in granting the nonsuit, and that the question of the mental capacity or incapacity of the deceased to make the deed in question should have been submitted to the jury. More than one witness testified that in the opinion of the witness the grantor did not have sufficient mental capacity to transact business and to make a valid deed; the

witnesses stating at the same time facts, circumstances, and matters coming under their observation upon which they based their opinion as to the mental condition of the defendant's grantor. Whether their conclusions were correct or not was a question for the jury. And the court erred in holding that, as a matter of law, there was not sufficient evidence to authorize a verdict in plaintiffs' favor.           *Judgment affirmed. All the Justices concur.*